CLERK OF COURTS
MAHONING COUNTY, OHIO
JUN - 8 2017
FILED
ANTHONY VIVO, CLERK

IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

| | |
|---|---|
| 3870 Starr, LLC<br>3870 Starr Centre Dr., Suite B<br>Canfield, Ohio 44406<br>        Plaintiff,<br><br>vs.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA AKA SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST<br>c/o CSC - Lawyers Incorporating Service<br>50 West Broad Street, Suite 1800<br>Columbus, Ohio 43215<br>        Defendant. | CASE NO. 17 CV N20<br><br>JUDGE ANTHONY M. D'APOLITO<br><br>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

## GENERAL ALLEGATIONS

1.    Plaintiff 3870 Starr, LLC (hereinafter "Plaintiff") owns the property located at 3870 Starr Centre Dr., Suite B, Canfield, Mahoning County, Ohio 44406 (hereinafter collectively known as the "Property").

2.    Defendant Selective Insurance Company of America AKA Selective Insurance Company of the Southeast (hereinafter referred to as "Selective Insurance") insured Plaintiff pursuant to policy no. S 207373804. The policy covers the commercial property for losses caused by hail and/or wind storm. Despite requests, Defendant has not provided a certified copy of the policy and therefore it cannot be attached.

3.    On or around June 11, 2015, the Property suffered damage due to storm-related conditions, including hail and/or wind.

4.    After the loss, Plaintiff submitted a claim to Selective Insurance.


EXHIBIT A

5. Plaintiff fulfilled all its duties under the insurance contract.

6. Selective Insurance has denied all coverage related to the damages subject of this suit associated with the Property and insurance policy at issue, despite clear photographic evidence to the contrary.

7. After receiving notice of loss resulting from the June 11, 2015 claim by Plaintiff, Selective Insurance has failed to timely and properly conduct an objective investigation.

## COUNT ONE
### Breach of Contract – Selective Insurance

8. Plaintiff restates the above allegations.

9. Plaintiff had a contract with Selective Insurance on the day the loss occurred.

10. At all times, Plaintiff fulfilled its duties under the contract.

11. Selective Insurance breached the insurance contract by failing to pay Plaintiff the amount due under the insurance policy.

12. As a direct and proximate result of Selective Insurance's breach of the insurance contract, Plaintiff has been denied the policy benefits and coverage due under said insurance contract. As a further direct and proximate result of Selective Insurance's breach of the insurance contract, Plaintiff has suffered other reasonably contemplated damages.

13. Plaintiff prays for judgment on this count in an amount in excess of $25,000, the exact amount to be determined by a jury at the trial of this matter, plus attorney fees, interest, penalties and costs as allowed by law.

## COUNT TWO
### Lack of Good Faith – Selective Insurance

14. Plaintiff restates the above allegations.

15. In adjusting Plaintiff's claim, Selective Insurance, through its agents, attorneys, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith by:

   a. Failed to conduct an adequate and complete investigation of the claim as required by *Zoppo v. Homestead Insurance Company* (1994), 71 Ohio St.3d 552;

   b. Selective Insurance failed to place the interests of Plaintiff before its own, and Selective Insurance used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

   c. Hire a non-independent investigator to investigate the claim;

   d. Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

   e. Failed to comply with the requirements of OAC 3901-1-54, Unfair Property/Casualty Claims Settlement Practices;

   f. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; and

   g. Failed to comply with Selective Insurance's own claim investigation standards and guidelines.

16. Selective Insurance, through its agents, attorneys, adjustors, and investigators, acted intentionally, willfully, wantonly, and with actual malice in refusing to pay the Plaintiff's claim and delaying such payments. Among other actions:

   a. Unreasonably concluded that the Property, even though the storm damages located on the roofs were objectively apparent, that no storm damages were present;

   b. Unreasonably concluded that the damages located on the roofing shingles were caused by Plaintiff's actions or lack thereof; and

  c. Unreasonably denied coverage on the Property even though evidence of hail and/or wind damage to parts of the Property were reasonably clear.

17. The actions and omissions of Selective Insurance demonstrate malice, aggravated or egregious fraud, oppression, or insult and Selective Insurance, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

18. As a direct and proximate result of Selective Insurance's lack of good faith, Plaintiff suffered emotional distress and anxiety, inconvenience, increased loss of use, and economic harm, and has incurred litigation expenses and attorney's fees.

19. The Plaintiff prays for judgment on this count in an amount <u>in excess of</u> $25,000 in compensatory damages and an amount <u>in excess of</u> $25,000 in property damage, the exact amount to be determined by the trier of fact, plus interest, costs, attorney's fees, and all available punitive damages as allowed by law.

WHEREFORE, Plaintiff 3870 Starr, LLC prays for judgment against Selective Insurance Company of America AKA Selective Insurance Company of the Southeast as set forth above, plus interest, costs, attorney's fees, punitive damages, and all available damages allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

Respectfully submitted,

_____ 0088666

Stephen G. Whetstone (0088666)
WHETSTONE LEGAL, LLC
Post Office Box 6
2 N. Main St., Unit 2
Thornville, OH 43076
P: 740-785-7730
F: 740-205-8898
steve@whetstonelegal.com
*Trial Attorney for Plaintiff*

### JURY DEMAND

Plaintiff hereby requests, pursuant to Civil Rule 38(B), a trial by jury of the issues of the within lawsuit.

_____
Stephen G. Whetstone

### INSTRUCTIONS FOR SERVICE

TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE CERTIFIED MAIL SERVICE OF THIS COMPLAINT ON THE ABOVE-NAMED DEFENDANT.

_____
Stephen G. Whetstone