PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| 3870 STARR LLC, | ) | |
| | ) | CASE NO. 4:17CV1457 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, | ) ) | |
| | ) | |
| Defendant. | ) | **ORDER OF REMAND** |

This breach of contract action was removed to this Court from the Mahoning County, Ohio Court of Common Pleas on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1. Defendant contends that the parties are diverse because Defendant is a citizen of Indiana and New Jersey, and Plaintiff is a citizen of Ohio. *Id.* at PageID #: 3–4, ¶¶ 14–15. As evidence of Plaintiff's citizenship, Defendant states that "[i]t is alleged that Plaintiff 3870 Starr, LLC is a business whose mailing address is located at Canfield, Ohio. . . . Therefore, Plaintiff is a citizen of the State of Ohio as contemplate[d] by 28 U.S.C. § 1332." *Id.* at PageID #: 4, ¶ 1. Because a LLC has the citizenship of all its members, Plaintiff's mailing address is insufficient to establish the parties' diversity. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

The Court ordered Defendant to file a jurisdictional statement establishing Plaintiff's citizenship. ECF No. 4. Defendant responded, stating that it does not have this information. ECF No. 5. On August 9, 2017, the Court ordered Defendant to file a jurisdictional statement

within seven days, or the Court would remand the case for lack of jurisdiction.  No such filing is evident on the docket.

The Court is one of limited jurisdiction.  Unless the diversity and amount-in-controversy requirements of 28 U.S.C. § 1332 are both met, or some other basis for jurisdiction is established, the Court cannot take any action in this case.  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Furthermore, Defendant bears the burden of establishing that removal is proper.  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  Despite being prompted twice to file a jurisdiction statement, Defendant has failed to meet its burden.  Accordingly, the case is remanded to the Mahoning County, Ohio Court of Common Pleas.

A certified copy of this Order of Remand shall be mailed by the Clerk of the United States District Court for the Northern District of Ohio to the Clerk of the Mahoning County, Ohio Court of Common Pleas.


IT IS SO ORDERED.


 August 18, 2017                              */s/ Benita Y. Pearson*
Date                                           Benita Y. Pearson
                                               United States District Judge